```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
VINCENT NICHILO and JODY NICHILO,                           :
                                                            :
                                                            :
                              Plaintiffs,                   :    **ORDER**
                                                            :
           -against-                                        :    08-CV-0472 (BMC)
                                                            :
UNITED STATES LIABILITY INSURANCE                           :
GROUP,                                                      :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------  X
UNITED STATES LIABILITY INSURANCE                           :
GROUP,                                                      :
                                                            :
                                                            :
                              Plaintiff,                    :
                                                            :
           -against-                                        :
                                                            :
EXTREME MACHINES, INC, a/k/a                                :
EXTREME MACHINE CYCLES, INC.                                :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------  X
```

**COGAN, District Judge.**

Plaintiffs Nichilo commenced this case in state court seeking judgment against defendant USLIG, the insurer of a company called Extreme Machines, Inc. The Nichilos had previously obtained a default judgment in state court against Extreme Machines for negligence. When the judgment was returned unexecuted, the Nichilos sued USLIG to obtain satisfaction of the judgment pursuant to N.Y. Ins. L. §3420. USLIG had disclaimed coverage based on alleged late notice from both the Nichilos and Extreme Machines.

USLIG removed this action from state court, counterclaimed against the Nichilos for a declaratory judgment that it had no duty to defend or indemnify Extreme Machines, and impleaded Extreme Machines for the same relief. Extreme Machines did not appear here, and USLIG moved for summary judgment against the Nichilos on its counterclaim and default judgment against Extreme Machines on its third party complaint.

In the meantime, Extreme Machines moved in the state court to vacate the Nichilos' default judgment against it. The problem seems to have been that Extreme Machines had moved its business but had never notified the Secretary of State that it had a new address, so that when the Nichilos served Extreme Machines through the Secretary of State, Extreme Machines never received the service. The state court, on January 9, 2009, found that excuse adequate and vacated the default judgment. The Nichilos must now proceed against Extreme Machines in the underlying personal injury case.

In light of that state court order, this Court became concerned that it lacked subject matter jurisdiction over the Nichilos' complaint as there was no longer a case or controversy over their claim. I therefore issued an Order to Show Cause directing the Nichilos to demonstrate why there was still a case or controversy. The Nichilos have responded and the response is insufficient. An action under Ins. L. §3420 is based on the failure to satisfy a judgment. There no longer is a judgment. There may never be a judgment. At the very least, the claim in the complaint is not ripe for adjudication. The complaint is therefore dismissed for lack of subject matter jurisdiction.

USLIG, however, has pointed out that it still has a live controversy against the Nichilos and Extreme Machines. It is correct. Because USLIG's policy would require both defense and

2

indemnification of Extreme Machines, there is a live controversy as to whether USLIG is obligated to defend and indemnify Extreme Machines in the underlying personal injury action.

In light of the changed posture of the case, the Court will realign the parties for jurisdictional purposes; USLIG is deemed the plaintiff and the Nichilos and Extreme Machines are deemed to be the defendants. This raises an additional issue of subject matter jurisdiction. USLIG alleges that it is a citizen of North Dakota and Pennsylvania, and that the Nichilos are citizens of New Jersey. It further alleges that Extreme Machines is a New York citizen, but it has failed to disclose either Extreme Machine's state of incorporation or principal place of business. It is ORDERED to file an affidavit with 7 days setting forth those facts, in which case the pleadings shall be deemed amended, and in the absence of which its claims will be dismissed for lack of subject matter jurisdiction.

That leaves one problem. USLIG's affidavit of service on Extreme Machines shows that it served the Secretary of State just as the Nichilos did in the underlying state court action. I am not going to waste the parties' resources in litigating what would be essentially the same motion to vacate a default that the Nichilos just lost in state court. USLIG is therefore ORDERED to re-serve the third party summons and complaint, its motion for summary and default judgment, and a copy of this Order on Extreme Machines by serving its attorney in the state court action, Susan J. Stromberg at Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402,Woodbury, New York 11797, and at the new address disclosed for Extreme Machines in the state court proceedings. Proof of that service shall be filed by Jan. 19, 2009. If USLIG does not have and cannot find Extreme Machines' new address, it is to advise the Nichilos' attorney immediately and the Nichilos' attorney is ORDERED to provide it by close of business Jan.16, 2009.

Extreme Machines is hereby given notice that its attorney must immediately register for ECF notices in this case, and that the failure to respond to USLIG's motion within 10 days of the filing of the affidavit of service shall cause the court to enter a default judgment against it.

**SO ORDERED.**

s/Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      January 15, 2008