FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 4 - 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                      :

VINCENT NICHILO and JODY NICHILO,  :
                                      :  **MEMORANDUM**
                        Plaintiffs,  :  <u>**DECISION AND ORDER**</u>
                                      :
               - against -           :  08-CV-472 (BMC)
                                      :
UNITED STATES LIABLITY INSURANCE  :
GROUP,
                                      :
                       Defendant.   :
                                      :
----------------------------------------------------------- X

**COGAN, District Judge.**

       This matter is before the Court on the parties' cross- motions for summary judgment. The case is a removed diversity action in which the plaintiffs Nichilo, an accident victim and his wife, seek to proceed directly against the defendant insurance company, United States Liability Insurance Group ("USLIG"), under N.Y. Ins. L. §3420(2), because the insured, a company called Extreme Machines, Inc., failed to satisfy a state court default judgment that the Nichilos had obtained against it. USLIG counterclaimed for a declaratory judgment that it has no coverage or defense obligation because it received late notice of the claim. The facts are undisputed that Extreme Machines never gave notice to USLIG; USLIG received notice from Extreme Machine's co-defendants in the underlying personal injury case approximately 6 months after commencement of that action.

       Since the submission of the summary judgment motions in this case, two significant events have occurred. First, Extreme Machines has surfaced (probably with attorneys appointed by USLIG under a reservation of rights, although the record does not disclose this), and successfully moved to vacate the default judgment entered against it in state court. As a result of

this, the Court has dismissed the Nichilo's complaint as not presenting a case or controversy; since the complaint sought to enforce a judgment directly against an insurance company under N.Y. Ins. L. §3420(2), once the judgment was vacated, there was no longer a case or controversy as to the Nichilos' complaint. However, because USLIG had impleaded Extreme Machines, which has defaulted, and USLIG seeks to disclaim both its defense and indemnity obligations, the Court retained jurisdiction over USLIG's counterclaim against the Nichilos and third party complaint against Extreme Machines. The Court realigned the parties to reflect their interests so that USLIG became the plaintiff and the Nichilos and Extreme Machines became the defendants.

The second event of note since the submission of these motions is that the New York Court of Appeals decided Briggs Avenue L.L.C. v. Insurance Corporation of Hannover, 11 N.Y.3d 377, ___ N.Y.S.2d ___ (2008), on certified question, 516 F.3d 42 (2d Cir.), adopted, 550 F.3d 246 (2d Cir. 2008). Briggs held that "a liability insurer is entitled to disclaim coverage when the insured, because of its own error in failing to update the address it had listed with the Secretary of State, did not comply with a policy condition requiring timely notice of a lawsuit." 11 N.Y.3d at 380. That is precisely the situation here. Briggs involved a nine month notice delay instead of the six month notice delay here, but the holding in Briggs was not based on the amount of time involved. Rather, Briggs held that the insured's obligation is to give notice as soon as practicable, and that a failure to notify the Secretary of State of an address change that results in non-delivery of notice is a breach of that obligation.

USLIG brought Briggs to the attention of this Court after the motions were *sub judice*. Neither the Nichilos nor Extreme Machines, still in default, responded to the submission. I believe there is no response as Briggs is dispositive of the issue presented here. Accordingly, USLIG's motion for summary judgment against the Nichilos and default judgment against

Extreme Machines is granted. Since the Court has previously dismissed the Nichilos' complaint, their motion for summary judgment on that complaint is denied as moot. The Court will enter a separate judgment.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 3, 2009